IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 18-1004 |
| | ) | Judge Nora Barry Fischer |
| ECH LEGACY, INC. F/K/A ELLWOOD CITY | ) | |
| HOSPITAL; JOSHUA SHAPIRO, | ) | |
| PENNSYLVANIA ATTORNEY GENERAL; | ) | |
| GTR SOURCE, LLC; RAM CAPITAL | ) | |
| FUNDING LLC; FRANKLIN FUNDING | ) | |
| GROUP LLC; APP GROUP | ) | |
| INTERNATIONAL; YES FUNDING | ) | |
| SERVICES LLC; AND WORLD GLOBAL | ) | |
| CAPITAL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This is a statutory interpleader action related to $3,159,256.27 that was on deposit in four accounts with Plaintiff PNC Bank, National Association, ("PNC"). This Court previously entered orders authorizing PNC to deposit the funds with the Clerk of Court and to immediately release $1,046.085.15 to Defendant ECH Legacy, Inc., f/k/a Ellwood City Hospital, ("ECH"). (Docket Nos. 39; 43). At present, ECH is the only party with a claim to the remainder of the interpleaded funds of $2,113,196.17. (Docket No. 65). To this end, default judgment has been entered against many of the defendants, (i.e., GTR Source, LLC; Ram Capital Funding, LLC; Franklin Funding Group, LLC; APP Group International; Yes Funding Services LLC; and World Global Capital, LLC), and Attorney General Joshua Shapiro, (the "Attorney General"), has intervened only to exercise his parens patriae authority to protect the charitable funds which have been interpleaded. (*See* Docket Nos. 38; 58; 59; 66).

Presently before the Court are PNC's Motion for Discharge and Attorneys' Fees, Costs and Expenses, (Docket No. [60]), its Brief in Support, (Docket No. [61]), and the Responses in Opposition filed by ECH, (Docket No. [64]), and the Attorney General, (Docket No. [66]). Through its Motion, PNC seeks a full discharge from liability in this interpleader action as well as $28,621.56 in attorneys' fees and costs to be paid out of the interpleaded funds. (Docket No. 61). Both ECH and the Attorney General object to the payment of attorneys' fees and costs to PNC out of the interpleaded funds. (Docket Nos. 64; 66). After careful consideration of the parties' arguments, and for the following reasons, PNC's Motion [60] is granted, in part, and denied, in part, as the Court will approve the discharge but deny the request for attorneys' fees and costs to be paid out of the interpleaded funds.

At the outset, the parties do not dispute that PNC is entitled to a discharge as there are no other claims against the interpleaded funds in this matter.[1] (See Docket Nos. 61; 64; 66). The only dispute pertains to the language of the discharge with PNC proposing broad, sweeping language while ECH maintains that the same should be limited to a discharge in the instant proceedings. *(Id.)*. Having considered the matter, the Court agrees with ECH's position and will adopt its proposed order, using language fully set forth below.

With respect to the parties' dispute over PNC's request for $28,621.56 in attorneys' fees in costs, to be paid out of the interpleaded funds, the Court similarly agrees with ECH and the Attorney General that the same is not justified in this case. (*See* Docket Nos. 64; 66). In this regard,

> "Determining whether to award costs and attorneys' fees to the stakeholder in an interpleader action is a decision committed to the sound discretion of the trial court." *AIG Life Ins. Co. v. Rafferty*, 2008 WL 1959697, at *1 (E.D. Pa. May 6, 2008) (citing *Mutual of

---

[1] The Court notes that it will separately enter an Order granting ECH Legacy, Inc.'s Motion for Immediate Release of Interpleaded Funds and Interpleader Disbursement, (28 U.S.C. § 1335). (Docket No. 65).

> *Omaha Ins. Co. v. Dolby*, 531 F. Supp. 511, 516 (E.D. Pa. 1982)).
> "An award of attorneys' fees, however, is not appropriate in every case." *Reliastar Life Ins. Co. v. Moore*, 2010 WL 773457, at *4 (M.D. Pa. Mar. 1, 2010).

*Wells Fargo Bank, N.A. v. Calloway*, Civ. A. No. 3:15-CV-0178, 2015 WL 3699497, at *3 (M.D. Pa. June 12, 2015). Further, "[w]hen a stakeholder has used the court to aid it in making a decision which is an ordinary one in the course of the stakeholder's business, an award of attorneys' fees is not appropriate in the circumstances. Such an award would constitute a shifting of some of the stakeholder's ordinary business expenses to the claimants." *Id*. (quoting *Reliastar Life Ins. Co. v. Moore*, 2010 WL 773457, at *4 (M.D. Pa. Mar. 1, 2010)). In addition, "'[a] court may deny fees where the stakeholder interpleaded funds simply to 'free itself from ongoing litigation or the vexation of multiple lawsuits.'" *Reliastar Life Ins. Co. v. Moore*, No. 1:CV-08-1942, 2010 WL 773457, at *4 (M.D. Pa. Mar. 1, 2010) (quoting *Allstate Settlement Corp. v. United States*, Civ. A. No. 07–5123, 2008 WL 2221897, at *7 (E.D. Pa. May 28, 2008)) (further quotation omitted).

After careful consideration of the parties' positions, the Court finds that PNC has failed to meet its burden to demonstrate that attorneys' fees and costs should be awarded to it from the interpleaded funds. To this end, as ECH and the Attorney General argue, the interpleaded funds represent charitable assets of a struggling hospital which obtained a judgment from the Court of Common Pleas of Lawrence County to release all of the funds prior to the initiation of this interpleader action. (*See* Docket Nos. 64; 66). It is also clear that PNC brought this interpleader action in order to free itself of ongoing litigation in Pennsylvania and New York courts regarding the funds but PNC's role in determining whether to release funds held in bank accounts to its own customer, is the type of business decision it routinely handles on a daily basis. *See Wells Fargo*, 2015 WL 3699497, at *3; *Reliastar*, 2010 WL 773457, at *4. Therefore, in accord with the

precedent cited above, which this Court finds persuasive, the Court declines to exercise its discretion to award attorneys' fees and costs to PNC from the interpleaded funds. *See id.*

For all of these reasons,

IT IS HEREBY ORDERED that PNC's Motion [60] is GRANTED, in part, and DENIED, in part. Said Motion is granted to the extent that PNC seeks a discharge but denied insofar as PNC requests attorneys' fees and costs to be paid from the interpleaded funds.

IT IS FURTHER ORDERED PNC is fully and finally discharged from any all further liability to the Defendants, their successors and assigns, as to their claims to the interpleader funds, if any; and,

FINALLY, an appropriate Order on ECH's Motion for Release of Funds follows.

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

September 17, 2018

cc/ecf: All counsel of record.